UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KENNETH MAURICE GRANT,

Petitioner,

v.

QUENTIN BYRNE, *et al.*,

Respondents.

Case No. 3:16-cv-00104-MMD-VPC

ORDER

On April 17, 2017, respondents filed a motion to dismiss petitioner Grant's petition for writ of habeas corpus. (ECF No. 19.) Also pending before the Court are petitioner's renewed motion for appointment of counsel (ECF No. 29), motion to expedite the hearing on the motion (ECF No. 30), motion to extend the time within which petitioner is required to respond to respondents' motion to dismiss (ECF No. 31), and motion to strike (ECF No. 34).

As grounds for their motion to dismiss, respondents argue that all of petitioner's claims allege ineffectiveness of state post-conviction counsel and, as such, are not cognizable grounds for federal habeas relief. Respondents also argue that all of the claims are unexhausted—i.e., have not been presented to the Nevada Supreme Court.

While respondents are correct that ineffective assistance of state post-conviction counsel is not a ground for federal habeas relief (*See* 28 U.S.C. § 2254(i)), this Court does not agree that petitioner's claims are premised on that theory. In Grounds One through Ten, petitioner alleges a violation of his rights under the Sixth and Fourteenth Amendments followed by factual allegations involving the performance of petitioner's pre-

trial, trial, and/or appellate counsel. However, petitioner included the following handwritten phrase at the beginning of the factual allegations for each claim: "That post-conviction counsel was ineffective for failing to bring." While misguided, the inclusion of this phrase should not result in the dismissal of the petition. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir.2010) (holding that pro se pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"). Consequently, Grounds One through Ten are cognizable as federal habeas claims.[1]

That being said, respondents' motion to dismiss demonstrates that most of petitioner's claims are unexhausted. In addition, it is clear at this point that no state remedies are currently available to petitioner. That is, if petitioner were to return to state court and present his federal habeas claims, the state courts would find the claims procedurally barred as untimely and successive.[2] "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014). Thus, even if not exhausted in the conventional sense, petitioner's claims are technically exhausted and procedurally defaulted.

Given the potential complexity involved in resolving procedural issues in this case, the Court finds that the interests of justice warrant the appointment of counsel to represent the petitioner. *See* 18 U.S.C. §3006A(a)(2)(B). Therefore, the Court will deny respondents' motion to dismiss without prejudice and grant petitioner's renewed motion for appointment of counsel.

---

[1] Petitioner also included two additional "grounds" for relief in his petition. Ground Eleven is, for the most part, a copy of petitioner's state district court habeas petition, which is not the correct method for pleading a habeas claim. *See* Rule 2(d) of Rules Governing Habeas Corpus Cases Under Section 2254. Ground Twelve alleges ineffective assistance of state post-conviction counsel, which must be dismissed under 28 U.S.C. 2254(i).

[2] Pursuant to Nev. Rev. Stat. § 34.726(1), a petition that challenges the validity of a judgment or sentence must be filed within one year after entry of the judgment of conviction or within one year after the appellate court issues its remittitur unless there is good cause for the delay. Pursuant to Nev. Rev. Stat. § 34.810(2), (3), a judge must dismiss a second or successive petition if the petition fails to demonstrate good cause for the petitioner's failure to present the claim in the original petition.

1   It is therefore ordered that petitioner's renewed motion for appointment of counsel (ECF No. 29) is granted. The Federal Public Defender for the District of Nevada (FPD) is appointed to represent petitioner. If the FPD is unable to represent the petitioner, due to a conflict of interest or other reason, then alternate counsel will be appointed. In either case, counsel will represent the petitioner in all federal-court proceedings relating to this matter, unless allowed to withdraw.

  It is further ordered that the Clerk of the Court electronically serve upon the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus.

  It is further ordered that the FPD will have twenty (20) days from the date of entry of this order to file a notice of appearance, or to indicate to the Court its inability to represent the petitioner in this case.

  It is further ordered that the Court will establish a schedule for further proceedings after counsel appears for the petitioner.

  It is further ordered that respondents' motion to dismiss (ECF No. 19) is denied without prejudice.

  It is further ordered that petitioner's motion to expedite the hearing (ECF No. 30), motion to extend the time within which petitioner is required to respond to respondents' motion to dismiss (ECF No. 31), and motion to strike (ECF No. 34) are denied as moot.

  DATED THIS 1st day of November 2017.

                _____
                MIRANDA M. DU
                UNITED STATES DISTRICT JUDGE