UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| KENNETH MAURICE GRANT, | Case No. 3:16-cv-00104-MMD-CLB |
|---|---|
| Petitioner, | ORDER |
| v. | |
| QUENTIN BYRNE, *et al.*, | |
| Respondents. | |

**I.     SUMMARY**

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Petitioner Kenneth Maurice Grant. Before the Court is Respondents' motion to dismiss ("Motion") (ECF No. 64) Petitioner's second amended petition for writ of habeas corpus ("SAP") (ECF No. 62). Respondents argue that Petitioner has failed to exhaust remedies for two of his ineffective assistance of counsel claims. The Court has reviewed Petitioner's opposition (ECF No. 69) and Respondents' reply (ECF No. 70). For the reasons discussed below, the Court will grant the motion in part and deny it in part.

**II.    BACKGROUND**

In September 2003, a jury trial in the Eighth Judicial District Court for Clark County, Nevada, resulted in verdicts finding Petitioner guilty of first degree murder with use of a deadly weapon and robbery with use of a deadly weapon. (ECF No. 24-3.) Following the penalty phase of the trial, the jury returned a sentence of life with the possibility of parole after 40 years. (ECF No. 25-3.) A judgment of conviction was entered in December 2003. (ECF No. 25-6.)

Petitioner appealed. (ECF No. 25-7.) In December 2005, the Nevada Supreme Court entered an order affirming Petitioner's judgment of conviction. (ECF No. 25-11.)

Petitioner timely filed a *pro se* petition for writ of habeas corpus in the state district court. (ECF No. 25-14.) With the assistance of court-appointed counsel, Petitioner filed an amended state petition that included claims that Petitioner was denied his Sixth Amendment right to counsel. (ECF No. 26-5.) The state district court denied the amended petition. (ECF No. 28-3.)

Petitioner appealed. (ECF No. 28-4.) The Nevada Supreme Court affirmed the district court's order denying post-conviction relief. (ECF No. 28-8.) Petitioner initiated this federal habeas proceeding by filing a *pro se* petition on February 23, 2016. (ECF No. 6.)

After Respondents moved to dismiss (ECF No. 19), Petitioner filed a renewed motion for appointment of counsel. (ECF No. 29.) The Court granted Petitioner's motion and denied Respondents' motion to dismiss without prejudice. (ECF No. 35.)

On August 24, 2018, with the assistance of counsel, Petitioner filed his first amended petition. (ECF No. 44.) After Respondents again moved to dismiss (ECF No. 48), Petitioner sought leave to file an SAP, which Respondents did not oppose. (ECF Nos. 55, 56.)

On October 11, 2019, Petitioner filed the SAP (ECF No. 62) that is the object of Respondents' motion to dismiss (ECF No. 64).

**III.   LEGAL STANDARD**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges

2

upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988). On the other hand, new allegations that do not "fundamentally alter the legal claim already considered by the state courts" will not render a claim unexhausted. *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *see also Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir. 1994).

**IV.    DISCUSSION**

In Ground 1 of his SAP, Petitioner alleges his confinement violates the Sixth and Fourteenth Amendments of the U.S. Constitution because he received ineffective assistance from his trial counsel. (ECF No. 62 at 10-19.) Respondents argue that Petitioner has failed to exhaust state court remedies for portions of Ground 1(A) and all of Ground 1(D). (ECF No. 64 at 4-5.)

**A.    Ground 1(A) is exhausted.**

In Ground 1(A), Petitioner alleges trial counsel was ineffective by failing to investigate and present expert testimony and evidence supporting the defense theory, such as the victim's time of death and cocaine ingestion. (ECF No. 62 at 11-14.) The prosecution's theory at trial was that Petitioner's girlfriend, Paulette Perry, lured the victim, David Sygnarski, back to a hotel room, where Petitioner was waiting, in order to rob him. (ECF No. 21-11 at 1.) In the course of the robbery, Petitioner and Perry beat and stabbed

Sygnarski, resulting in his death. (*Id.*) Petitioner's defense theory was that Petitioner, Perry, and Sygnarski were all smoking crack together in the hotel room and that Perry killed Sygnarski while Petitioner was out trying to get more drugs. (*Id.* at 27-29.)

Trial counsel retained the services of Dr. Todd C. Grey, a forensic pathologist, but did not have him testify at trial. (ECF No. 28-3 at 5-6.) Petitioner alleges in Ground 1(A) that, notwithstanding Grey's opinion that medical evidence did not support the theory that Perry killed the victim by herself, "Dr. Grey still could have been valuable to Grant had counsel used the doctor more effectively." (ECF No. 62 at 13.) Respondents contend that this aspect of the claim is unexhausted and that, in fact, Petitioner's argument to the Nevada Supreme Court in his state post-conviction proceeding disparaged Dr. Grey's work. (ECF No. 64 at 5 (citing ECF No. 28-5 at 51-52).)

Even so, Petitioner presented the operative facts and legal basis for Ground 1(A) to the Nevada Supreme Court. (*See* ECF No. 28-5 at 35-66.) The minor difference identified by Respondents does not fundamentally alter the exhausted claim or place it in a different and significantly stronger evidentiary posture than when it was presented to the state courts. *See generally Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014) (en banc) (discussing whether new factual allegations render a claim unexhausted). Moreover, Petitioner concedes that the allegation relating to Dr. Grey "is not an important aspect of the claim and [he] does not intend to focus on it during his Reply." (ECF No. 69 at 4.) Ground 1(A) is therefore fully exhausted.

### B.     Ground 1(D) is dismissed.

In Ground 1(D), Petitioner alleges trial counsel was ineffective by failing to finalize a plea negotiation that Petitioner reasonably relied upon before agreeing to continue his trial and trail it behind co-defendant Perry's trial. (ECF No. 62 at 11-14.) Petitioner concedes that he did not present this claim to the Nevada Supreme Court in his state habeas proceeding. (ECF No. 69 at 4.) He contends, however, that the claim is technically exhausted but procedurally defaulted. (*Id.*)

"[I]f a claim is unexhausted but state procedural rules would now bar consideration

of the claim, it is technically exhausted but will be deemed procedurally defaulted unless the petitioner can show cause and prejudice." *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011). While Petitioner does not identify a specific state procedural rule, Nevada's bars against post-conviction petitions that are untimely (NRS § 34.726) or successive (NRS § 34.810) would now apply to the presentation of Ground 1(D) to the Nevada courts. *See Brown v. McDaniel*, 331 P.3d 867, 870 (2014) (discussing both bars).

While conceding procedural default, Petitioner requests an opportunity to demonstrate cause and prejudice to allow him to overcome the procedural default. (ECF No. 69 at 6.) *See Harris v. Reed*, 489 U.S. 255, 262 (1989) (to overcome procedural default, a petitioner must establish either "cause for the default and prejudice attributable thereto" or "that failure to consider [the defaulted claims] will result in a fundamental miscarriage of justice"). Petitioner cites to the holding in *Martinez v. Ryan*, 566 U.S. 1 (2012), as the avenue for him to make such a showing. In *Martinez*, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel.

As Respondents point out, however, Petitioner admits that he presented Ground 1(D) to the state district court in his initial state habeas proceeding. (ECF No. 69 at 4, *see also* ECF No. 26-5 at 30-33.) The state district court denied the claim (ECF No. 28-3 at 5), but post-conviction counsel did not raise the issue on appeal. *Martinez* is clear that its holding is limited to the initial-review collateral proceeding itself and "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings . . .." *Martinez*, 566 U.S. at 16.

Thus, Petitioner's request to demonstrate cause and prejudice based on *Martinez* is misguided. Because Petitioner fails to assert any other grounds to overcome the procedural default, Ground 1(D) is dismissed.

**V.    CONCLUSION**

It is therefore ordered that Respondents' motion to dismiss (ECF No. 64) is granted

in part and denied in part. Only Ground 1(D) of Petitioner's second amended petition (ECF No. 62) is dismissed for reasons discussed above.

It is further ordered that, within 60 days of entry of this order, Respondents must file an answer addressing the remaining claims in the second amended petition. Petitioner will have 45 days from service of the answer within which to file a reply.

It is further ordered that Petitioner's motions for extension of time (ECF Nos. 67, 68) are granted *nunc pro tunc* as of their respective filing dates.

DATED THIS 4th day of June 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE