UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KENNETH MAURICE GRANT,<br><br>　　　　　　　　　　　Petitioner,<br>　v.<br>QUENTIN BYRNE, *et al.*,<br>　　　　　　　　　　　Respondents. | Case No. 3:16-cv-00104-MMD-CLB<br><br>ORDER |

**I.　SUMMARY**

Petitioner Kenneth Maurice Grant, through counsel, has filed a motion asking for leave to amend his petition for a third time. (ECF No. 82.) Respondents oppose the motion (ECF No. 84.) For the reasons discussed below, the Court denies the motion.

**II.　BACKGROUND**

In September 2003, a jury trial in the Eighth Judicial District Court for Clark County, Nevada, resulted in verdicts finding Grant guilty of first-degree murder with use of a deadly weapon and robbery with use of a deadly weapon. (ECF No. 24-3.) Following the penalty phase of the trial, the jury returned a sentence of life with the possibility of parole after 40 years. (ECF No. 25-3.) A judgment of conviction was entered in December 2003. (ECF No. 25-6.)

Grant appealed. (ECF No. 25-7.) In December 2005, the Nevada Supreme Court entered an order affirming Grant's judgment of conviction. (ECF No. 25-11.) Grant timely filed a pro se petition for writ of habeas corpus in the state district court. (ECF No. 25-14.) With the assistance of court-appointed counsel, Grant filed an amended state petition that included claims that Grant was denied his Sixth Amendment right to counsel. (ECF No. 26-5.) The state district court denied the amended petition. (ECF No. 28-3.)

///

Grant appealed. (ECF No. 28-4.) The Nevada Supreme Court affirmed the district court's order denying post-conviction relief. (ECF No. 28-8.) Grant initiated this federal habeas proceeding by filing a pro se petition on February 23, 2016. (ECF No. 6.)

After Respondents moved to dismiss (ECF No. 19), Grant filed a renewed motion for appointment of counsel. (ECF No. 29.) The Court granted Grant's motion and denied Respondents' motion to dismiss without prejudice. (ECF No. 35.)

On August 24, 2018, with the assistance of counsel, Grant filed his first amended petition. (ECF No. 44.) After Respondents again moved to dismiss (ECF No. 48), Grant sought leave to file a second amended petition, which Respondents did not oppose. (ECF Nos. 55, 56.)

On October 11, 2019, Grant filed a second amended petition (ECF No. 62), in response to which the Respondents again filed a motion to dismiss (ECF No. 64). The Court granted the motion in part by dismissing Ground 1(D) of the petition and directed the Respondents to file an answer to the remaining claims. (ECF No. 73.)

Respondents filed their answer on October 12, 2020. (ECF No. 78.) Instead of filing a reply to the answer, Grant filed a motion for leave to file a third amended complaint to add an additional ineffective assistance of trial counsel claim. (ECF No. 82.)

### III. LEGAL STANDARDS

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. *Calderon v. United States District Court (Thomas)*, 144 F.3d 618, 620 (9th Cir.1998); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). Leave of the court is required for all other amendments. Rule Civ. P. 15(a).

Addressing leave to amend in a habeas case, the Ninth Circuit held that the trial court "should be guided by the underlying purpose of Rule 15(a) ... which was to facilitate decisions on the merits, rather than on technicalities or pleadings." *In re Morris*, 363 F.3d

891, 894 (9th Cir. 2004) (quoting *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir.2001)). The court may consider factors as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995).

**IV.    DISCUSSION**

Grant wants to add a claim to his habeas petition alleging he received ineffective assistance of counsel, in violation of his constitutional rights, because his trial counsel failed to object to the use of jury instructions that allowed the jury to convict him under an invalid theory of first-degree murder. (ECF No. 82-1 at 15-19.) The claim focuses on this jury instruction:

> Robbery may spread over considerable and varying periods of time. All matters immediately prior to and having direct causal connection with the robbery are deemed so closely connected with it as to be a part of the occurrence. Thus, although acts of violence and intimidation preceded the actual taking of the property and may have been primarily intended for another purpose, it is enough to support the charge of robbery when a person takes the property by taking advantage of the terrifying situation he created.

(ECF No. 21-1 at 26.) Grant contends the instruction, read in conjunction with other instructions, allowed the jury to find first-degree murder based on the felony murder rule even if the intent to commit the robbery was not formed until after the murder, which is contrary to Nevada law.

Grant presented a claim in his initial pro se petition herein that, though couched as a claim of ineffective assistance of post-conviction counsel, was based on practically the same allegations as the claim he now wants to add. (ECF No. 6 at 117-29.) However, he omitted the claim from his two amended petitions, both of which were filed with the assistance of counsel. In addition, he concedes the claim was not fairly presented to the state court, so the claim is procedurally defaulted in this court. Even so, he argues he can overcome the procedural default under the holding in *Martinez v. Ryan*, 566 U.S. 1 (2012).

Respondents raise three objections to permitting the amendment. First, they note that Grant fails to explain why he failed to include the claim in either of his prior amended

petitions. Second, they argue Grant should not be permitted to assert a procedurally deficient claim, especially at this late stage. Third, they contend the claim, whether considered in the context of *Martinez* or on the merits, is futile.

The Court agrees that Grant does not provide satisfactory justification for not presenting the claim in either of his prior two amended petitions. Instead, Grant's counsel merely argues that Grant himself should not be punished for counsel's oversight. This argument is not persuasive. *See Maples v. Thomas*, 565 U.S. 266, 280-81 (2012) ("[T]he attorney is the prisoner's agent, and under "well-settled" agency law, the principal bears the risk of his agent's negligent conduct.") (citation omitted).

The Court also agrees that the claim is futile because Grant's *Martinez* argument and the proposed amended claim lack merit. To succeed under *Martinez*, Grant needs to show his state post-conviction counsel provided ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984). *See Martinez*, 566 U.S. at 14. Here, this necessarily includes establishing a reasonable probability that the trial-level ineffective assistance of counsel ("IAC") claim he wants to add to his federal petition would have succeeded had it been raised in his state post-conviction proceeding. *See Hooper v. Shinn*, 985 F.3d 594, 627 (9th Cir. Jan. 8, 2021) (explaining that "[i]f the ineffective assistance of trial counsel claim lacks merit, then the state habeas counsel would not have been deficient for failing to raise it") (citation omitted).

During the finalization of jury instructions, Grant's trial counsel did object to the robbery instruction at issue, just not in the manner Grant now claims counsel should have. (ECF No. 23-3 at 5.) Counsel's objection was that the instruction was unconstitutional because it improperly allowed acts committed within an undefined period after a killing to be defined as a robbery. (*Id.*) Grant contends counsel was ineffective for not arguing that the instruction was improper because, when combined with other instructions, it allowed an "afterthought robbery" to constitute the predicate offense for felony murder.

Grant's trial IAC claim relies on *Nay v. State*, 167 P.3d 430 (Nev. 2007), but, as Respondents point out, the case was decided four years after Grant's trial. The Nevada

4

Supreme Court in *Nay* indicated it was deciding "an issue of first impression for this court." *Nay*, 167 P.3d at 433. And, as discussed in the concurring opinion of two justices, the court's prior decision in *Thomas v. State*, 83 P.3d 818 (2002), could be read as "preclud[ing] use of a jury instruction stating that an afterthought robbery does not implicate the felony-murder rule." *Id*. at 436.

In light the unsettled nature of the law at the time of Grant's trial, trial counsel did not perform below *Strickland* standards by not objecting to jury instructions on the ground that robbery cannot support felony murder when the intent to rob is formed after the victim has been killed. *See U.S. v. Marshall*, 6 F. App'x 626, 627 (9th Cir.2001) (finding that "[t]he law regarding the definition of "knowingly" was unsettled at the time of [defendant's] trial ... and thus, the district court correctly determined that [defense] counsel was not ineffective for failing to object to the district court's jury instructions"). Because Grant's trial IAC claim lacks merit, his post-conviction counsel was not deficient for failing to raise it, and Grant cannot show that post-conviction counsel was ineffective under *Strickland*. Accordingly, Petitioner fails to establish "cause" under *Martinez* to excuse the procedural default of his proposed amended claim.

**V.     CONCLUSION**

It is therefore ordered that Grant's motion for leave to file a third amended petition (ECF No. 82) is denied.

It is further ordered that Grant has 45 days from the date of this order to file a reply to Respondents' answer (ECF No. 78).

It is further ordered that pending motions for extension of time (ECF Nos. 83, 85) are granted *nunc pro tunc* as of their respective filing dates.

DATED THIS 23rd Day of April 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE